IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RONALD E. DUDLEY,

       Petitioner,  :         Case No. 3:13-cv-058

 - vs -                                     District Judge Timothy S. Black
                                             Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,

       Respondent.  :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 19) to the Magistrate Judge's Supplemental Report and Recommendations (the "Supplemental Report," Doc. No. 17). Judge Black has again recommitted the case for reconsideration in light of the Objections (Doc. No. 21).

**Analysis**

The Grounds for Relief pled in the Petition were dealt with in the Report and Supplemental Report in the order that both Respondent and the Petitioner argued them. Dudley has structured his Objections in the same way, so that order is preserved in this Second Supplemental Report.

1

**Ground Five:  Denial of Due Process and Equal Protection on Appeal**

In his Fifth Ground for Relief**,** Dudley asserts the Second District Court of Appeals denied him due process and equal protection of the laws when it refused to consider his Ohio App. R. 26(B) application on the merits because he had filed it under the wrong case number. The details of the relevant filings and decisions of the court of appeals are set out in the Report (Doc. No. 14, PageID 2092-93).

Dudley's Objections to the Supplemental Report do not require additional analysis beyond that already given.  This claim is both procedurally defaulted because Dudley filed his Ohio App. R. 26(B) Application with the wrong case number and is without merit.

**Ground Three:  Failure to Disclose Favorable Evidence**

In his Third Ground for Relief, Dudley claims the prosecutor failed to disclose favorable evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963).

For the reasons given in the Report and Supplemental Report, this Ground for Relief is also procedurally defaulted.  Dudley has offered no additional authority or argument in his Objections which requires further analysis.

**Ground Four:  Pre-Indictment Delay**

The crimes of which Dudley stands convicted, rape and kidnapping, occurred in November 1994.  This was a stranger rape; the victim did not know her assailant.  The State had no way to identify a suspect until June 2005 when it was able to match the DNA obtained from semen extracted from the victim's body with Dudley.  He was indicted in September 2005.

The Report and Supplemental Report reject this claim as procedurally defaulted but also on the merits.  In his Objections, Dudley again claims the delay gave the State a tactical advantage because witnesses died, memory was lost, and much of the physical evidence aside from the DNA sample was destroyed (Objections, Doc. No. 19, PageID 2175).  Dudley does not make a convincing case on the merits because he has not shown that any of the evidence that was lost would have been favorable to him nor has he shown anything that the State could have done to accelerate the process.  Indeed, the State only had a comparator sample of DNA with which to match the extracted DNA because Dudley was in prison on another charge.

**Ground Six:  Admission in Evidence of Statements Obtained During an Illegal Custodial Interrogation**

In his Sixth Ground for Relief, Dudley asserts his statements made during custodial interrogation were improperly admitted against him because he was not properly advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

The previous analysis of this Ground for Relief does not require supplementation.

**Ground Seven:  Failure to Establish Chain of Custody**

In his Seventh Ground for Relief, Dudley complains that the State failed to establish the chain of custody and that this violated his rights under the Confrontation Clause.  Respondent claimed both procedural default and non-cognizability of this claim in habeas corpus.  The Report found procedural default on the same basis as Grounds Three, Four, and Six and also that, given the admitted death of Detective Denle, there was no Confrontation Clause violation in substituting his written report for his live testimony (Report, Doc. No. 14, PageID 2103).

Dudley offers the same excuse for the procedural default as he offered for others:  the claim was raised in the misfiled 26(B) Application (Objections, Doc. No. 15, PageID 2141). The Supplemental Report found that was not so:  chain of custody is not one of the seven omitted assignments of error raised in the 26(B) Application.  And Dudley made no response in his first Objections to the Report's conclusion that Detective Denle's death renders this Ground meritless.

In his present Objections, Dudley claims outright that failure to establish the chain of custody deprived him of due process and equal protection (Objections, Doc. No. 19, PageID 2176).  However, habeas corpus relief can only be granted for violating a constitutional right recognized in clearly established Supreme Court precedent.  Dudley cites no Supreme Court precedent requiring proof of chain of custody as a constitutional matter.

The Report and Supplemental Report note that the original collector of evidence, Detective Denle, was dead by the time of trial.  Dudley readily admits that Denle was dead and says this shows prejudice to Dudley, *citing Barker v. Wingo*, 407 U.S. 544 (1972)(Objections, Doc. No. 19, PageID 2176).  *Barker* sets the standard for prejudice from delay in indictment and

has nothing to do with the Confrontation Clause.  And the fact that a rapist eludes identification until the original collector of evidence is dead does not give that person a get-out-of-jail-free card.  The critical question is whether the DNA evidence found in the victim's body is reliably connected with Dudley, not whether technical state law chain of evidence rules – rules never mandated by the Federal Constitution -- were followed.

Ground Seven should be dismissed with prejudice as previously recommended.

**Ground One:  Ineffective Assistance of Trial Counsel**

Dudley's trial attorney failed to file a motion to suppress statements taken from him by Detective Olinger in violation of *Miranda*.  Dudley contended on direct appeal that this was ineffective assistance of trial counsel.  While the Second District agreed that *Miranda* had been violated, it found no prejudice in the failure to file a motion to suppress.  Because this claim was decided on the merits in the Ohio courts, the Report concluded it should be reviewed under the AEDPA's deferential standard.  Dudley objected but made no argument to show prejudice and the Supplemental Report again recommended dismissal.

Dudley asserts he has shown actual prejudice because the statements not suppressed were quoted to his disadvantage in opening statement and closing argument (Objections, Doc. No. 19, PageID 2177).  But the Second District's logic is compelling.  The victim, B.C., did not know Dudley.  When Detective Olinger questioned Dudley about the rape, Olinger knew about the DNA match, but did not reveal that to Dudley.  Dudley denied the rape, without knowing about the DNA, by saying he did not like white women, presumably intending to persuade Olinger that he would not have wanted to have sex with the white female victim.  But once the DNA in the

5

sperm sample was identified as Dudley's, he would have had to explain its presence. There are only two possibilities: consensual sex or rape. Since the victim testified it was rape and no one else was a witness, Dudley's only way out would have been to claim consensual sex through his own testimony. The Second District held:

> Counsel's error, however, did not affect the judgment, because Dudley would have been required to testify in order to establish consent. The victim denied knowing Dudley, and Dudley's testimony would have been the only way to establish that the sexual contact was consensual, rather than the result of force. In that situation, the State would have been permitted to introduce Dudley's prior inconsistent statements on rebuttal, despite any *Miranda* violation. See, *e.g., Harris v. New York* (1971), 401 U.S. 222, 225-26, 91 S.Ct. 643, 28 L.Ed.2d 1 (noting that "The shield provided by *Miranda* cannot be perverted into a license to use perjury by way of a defense, free from the risk of confrontation with prior inconsistent utterances"). Accord, *United States v. Havens* (1980), 446 U.S. 620, 100 S.Ct. 1912, 64 L.Ed.2d 559; *State v. Hill* (1996), 75 Ohio St.3d 195, 207, 1996 Ohio 222, 661 N.E.2d 1068; and *State v. Conway*, 108 Ohio St.3d 214, 2006 Ohio 791, at P 90, 842 N.E.2d 996 (noting that defendant's recorded statements, although obtained in violation of the Sixth Amendment right to counsel, are admissible to impeach defendant's untruthful trial testimony). Accordingly, Dudley's first contention under the First Assignment of Error is without merit.

*State v. Dudley*, 2010–Ohio-3240, ¶ 36. Dudley fails to argue any way in which he could have avoided conviction except by taking the witness stand to testify that the sex was consensual. But had he done so, his prior inconsistent statements would have been admissible against him despite *Miranda*. He is correct that his statements were detrimental to his case and in that sense "prejudicial." But the question is not whether the statements were prejudicial, but whether his attorney's failure to attempt to suppress them was prejudicial. The Second District's logic is compelling and its holding that the statements would have been admissible if Dudley took the stand is correct. Therefore its conclusion that failure to move to suppress the statements was not

prejudicial ineffective assistance of trial counsel is not an unreasonable application of *Strickland v. Washington*.  Ground One should be dismissed with prejudice.

**Ground Two:  Double Jeopardy**

In his Second Ground for Relief, Dudley claims his conviction and sentence for both rape and kidnapping violates the Double Jeopardy Clause.  Under Ohio law, a kidnapping that is done along with and to effectuate a rape is separately punishable if the kidnapping substantially increases the risk of harm to the victim.  *State v. Logan,* 60 Ohio St. 2d 126 (1979); *State v. Craig,* 110 Ohio St. 3d 306, 2006-Ohio-4571 (2006).  Applying those two cases and its own prior precedent to the facts of this case, the Second District Court of Appeals found B.C. was subjected to a substantially increased risk of harm in the manner in which the kidnapping was carried out.

> In the case before us, Dudley first restrained B.C. when he tackled her, caused both parties to fall over a guardrail, and landed on top of B.C. These actions posed a substantial risk of harm to B.C., and, did, in fact, cause harm to her ankle. Dudley then grabbed B.C. by the hair and dragged her fifty or sixty feet to the woods. This again posed a substantial risk of harm to B.C., was more than a brief restraint, and was secretive. While Dudley restrained B.C., he also threatened to kill her. And finally, when Dudley left, he told her that if she moved before he came back, he would kill her. He also took B.C.'s pants and shoe, subjecting her to a risk of harm due to the cold and damp weather. Under the circumstances, we conclude that a separate animus existed for the kidnapping and rape.

*State v. Dudley, supra*, ¶ 50.

Dudley objects "[t]he alleged movement and restraint had no significance apart from facilitating the rape.  The Second District's decision is contrary to law." (Objections, Doc. No. 19, PageID 2178.)

7

The Second District's determination is actually one of fact – that there was a substantially increased risk of harm from the kidnapping. State court findings of fact can be reversed only upon a showing by clear and convincing evidence that they represent an unreasonable determination of the facts based on the evidence presented. 28 U.S.C. § 2254(d)(2). Dudley makes no such argument. He points to nothing in the record which undercuts the historical factual findings of the court of appeals, to wit, that he tackled B.C., causing them both to go over a guardrail, that this actually caused harm to her ankle (a harm apart from being raped), that he then dragged her fifty or sixty feet into a wooded area, and that he then threatened to kill her if she moved, and took her pants and shoe. Given that evidence, the Second District's conclusion of substantially increased risk of harm from the kidnapping is entitled to complete deference under § 2254(d)(2).

**Conclusion**

Having reviewed the case again in light of the Objections, the Magistrate Judge again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

November 7, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).